**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUAN CARLOS CHAVEZ HERNANDEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, DELANEY HALL DETENTION FACILITY (GEO GROUP), et al.,**<br><br>**Respondents.** | **Civil Action No. 26-9529 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Juan Carlos Chavez Hernandez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Mexico, who entered the United States at an unknown place and time. (ECF No. 5-1 at 1).

3. Petitioner was arrested by the Lyndhurst Police Department in 2011 and charged with driving under the influence. (*Id.* at 2-3). ICE received a notification and picked Petitioner up from police custody on July 26, 2011. (*Id.* at 2). He was released on bond on July 27, 2011. (*Id.*) The charges remain pending. (*Id.* at 3).

4. Respondents argue that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without admission or parole after inspection and was detained by immigration authorities in the interior of the country without having been

lawfully admitted. As such, he is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 5 at 2).

5. Additionally, Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that this Court has already rejected in *Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323 (D.N.J. Oct. 28, 2025) and other cases. (*Id.* at 1 & n.1)

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

8. This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.[1] *See Patel*, 2025 WL 3012323, at *3-4; *see also Barbosa da Cunha v. Freden*, 175 F.4th 61, 84-85 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr.*

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

*Miami*, 175 F.4th 1258, 1280-81 (11th Cir. 2026); *but see Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[2]

9. Therefore, this Court will grant the Petition and order Respondents to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

10. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: August 4, 2026

[2] *Avila* and *Buenrostro-Mendez* are not binding authority, and this Court is unpersuaded by their reasoning for many of the reasons articulated in the dissenting opinions, including that the panels' interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Avila*, 170 F.4th at 1138-40 (Erickson, J., dissenting); *Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).